**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4457

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN LEWIS REID, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, District Judge. (CR-02-4)

Submitted: May 7, 2004                    Decided: June 2, 2004

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig W. Sampson, SAMPSON LAW FIRM, P.L.C., Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Stephen W. Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Lewis Reid, Jr., appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)(2000), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j)(2000).

The charges against Reid arose when, during a traffic stop, police officers saw Reid, a passenger in the stopped vehicle, handling a firearm. Reid contends that the evidence at trial was insufficient to establish that the traffic stop was legal. As the Government points out, Reid's counsel withdrew the suppression motion. Nevertheless, the district court conducted a hearing, at which it found the stop was proper. Our review of the record establishes that the district court's conclusion was not plainly erroneous. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995); see also Rakas v. Illinois, 439 U.S. 128, 130 n.1 (1978) (noting that the defendant bears the burden of proving his Fourth Amendment rights were violated by the challenged search or seizure).

Reid also contends that his trial counsel was ineffective for failing to contact and present witnesses who would have provided beneficial testimony. To succeed on a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. Richardson, 195 F.3d

192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)).  After careful review of the record, we conclude that Reid has not demonstrated that his counsel rendered ineffective assistance.  See Strickland v. Washington, 466 U.S. 668 (1984); Richardson, 195 F.3d at 198.

Finally, Reid contends that the district court erred by sentencing him as an armed career criminal.  To attain armed career criminal status, a defendant must have three prior convictions for a violent felony or a serious drug offense.  U.S. Sentencing Guidelines Manual § 4B1.4(a) (2002); 18 U.S.C. § 924(e)(1) (2000).  Reid challenges the use of a burglary conviction, but that conviction qualifies as a violent felony.  See Taylor v. United States, 495 U.S. 575, 598-99 (1990).  Moreover, that Reid was sentenced to only six months imprisonment does not disqualify this prior conviction.  Under the statute, a crime that is punishable by one year imprisonment may qualify as a violent felony, regardless of the sentenced actually imposed.  18 U.S.C. § 924(e)(2)(B).  Additionally, we conclude that Reid's conviction for throwing a missile into an occupied dwelling also qualifies as a violent felony, as his actions presented a serious potential risk of physical injury to those occupying the residence.  18 U.S.C. § 924(e)(2)(B).  The third predicate conviction, for maiming, is not challenged.

Accordingly, we affirm Reid's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED